[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN MOTION TO DISMISS
I.
Introduction CT Page 4062
The plaintiff landlord is seeking possession of the premises known as 100 Burnham Street, Hartford, Connecticut from the defendant tenants for nonpayment of rent. On April 10, 1991, the landlord signed a Notice to Quit that was served on the tenants on April 11, 1991 ordering them to vacate on or before April 20, 1991. The tenants have filed the instant Motion to Dismiss on the grounds the Notice to Quit was signed or issued prematurely.
 II.
Discussion
Connecticut General Statutes 47a-15 (a) provides for a nine-day grace period for the payment of rent. A landlord may not terminate a lease for nonpayment of rent until after the grace period has expired. The tenant herein argues that as the Notice to Quit was signed on April 10, 1991, during the grace period, the landlord has not complied with the statute.[1]
In Whitt v. Dark, Brennan J., July 1, 1981 (H-279), a case on all fours, the court rejected the same argument that is raised today. Our courts have been consistent in ruling that the Notice to Quit is effective upon issuance, that is delivery or service, rather than when signed. See, for instance, The Meadows v. Henderson, Goldstein, J., February 15, 1985 (H-605) and Ulatowski v. Sealy, Spada, J, September 10, 1979 (H-86). Thus, the so-called too early/too late rule prevents a Notice to Quit from being served during the first ten days of the current month. At the same time, it invalidates a Notice to Quit served during that period where the notice was signed in the month of nonpayment. Secretary of Housing and Urban Development v. Alveria, Driscoll, J., December 1, 1982 (SNBR-5). Our policy of using the service date as opposed to the signing date allows us to have a consistent body of law.
This court is mindful of the tenants' argument that signing the notice during the grace period violates the intent expressed by the legislature that the tenant receive the fulfill ten days. Yet, by using the date of service as the operative date, the tenant does receive the full grace period. As indicated by Judge Brennan, "to rule that the notice is insufficient because it may have been dated before that grace period expired would be to exalt form over substance." Whitt v. Dark, supra.
 III.
Conclusion CT Page 4063
The motion to dismiss is denied.
Berger, J.